PROVIDENCE TOOL CO. (METROPOLITAN WASHING MACH. CO. v.).  See Case No. 9,507.

PROVIDENCE WASHINGTON INS. CO. (BREED v.).  See Case No. 1,826.

PROVIDENCE WASHINGTON INS. CO. (HUCHBERGER v.).  See Case No. 6,823.

PROVIDENCE WASHINGTON INS. CO. (POTTER v.).  See Case No. 11,336.

## Case No. 11,455

### PROVOST v. The SELKIRK.

[11 Chi. Leg. News, 82; 7 Am. Law Rec. 366; 3 Cin. Law Bul. 988.]

District Court, N. D. Ohio.  1878.

MARITIME LIENS—PRIORITIES.

[Maritime liens are payable out of the proceeds, when the same are insufficient, in the following order: (1) Salvage; (2) general average; (3) seamen's wages; (4) bottomry bonds, in inverse order of date; (5) supplies, repairs, materials, towage, pilotage; (6) wharfage, demurrage, contract of affreightment or passage, stevedore's services; (7) damage by collision; (8) unpaid premiums on insurance; (9) claims under Nos. 5 and 6 accruing after collision; (10) brokerage services (nonmaritime liens); (11) mortgage; (12) levy by execution against owner.]

[This was a libel by Samuel A. Provost against the schooner Selkirk.]  This case came on to be heard on the report of Earl Bill, the commissioner, to whom it was referred, to report a table of distribution.

The report was as follows:

"After a considerable experience in the construction of tables of distribution of the proceeds of sales of vessels and other property in admiralty, as commissioner under the order of this honorable court, the undersigned has been impressed with the necessity of having some well defined and recognized statement of the order of priority of lien of the various claims enforcible in rem in courts of admiralty and maritime jurisdiction.  Notwithstanding earnest and continued searches among the many books of authority in regard to maritime law, no such marshaling of liens has yet fallen under notice.  But such consideration of the decisions as have thus far been found scattered through the books, and of the nature and equities of claims adjudicated by courts of admiralty in rem, as the undersigned has been able to give, has not failed to produce an impression upon his mind as to the relative rank of such claims, and their proper order of payment, from a fund in the court's registry, produced by judicial sale of ships or vessels navigating the waters of the Great Lakes, found to be insufficient for the satisfaction of all. The object of such property is to facilitate the transportation of persons and property upon navigable waters, and to secure to the owners thereof the profits therefrom.  Whatever is done in aid of such purposes is regarded as meritorious, and as constituting a privilege or lien upon the ship; but as the merit is different in degree, so is one actor postponed to another as to the reward.  The question of risk becomes also an important factor in the proper determination of priorities; so, also, diligence in the prosecution of the remedies provided by the maritime law justly affects the right of lien.

"It is averred that courts of admiralty, in their efforts to do perfect equity between the parties before them, are less trammeled by technical and arbitrary rules than any other in civilized countries; so, in the adjustment of liens upon an inadequate fund, courts may rightfully look into the real justice of the matter as developed in the facts, and decree accordingly, without fear of being reversed upon mere technicalities by the reviewing court. For even a ship which has entered upon its natural mission fully equipped and laden must necessarily encounter the perils of the sea.  If overcome by the fierceness of the storm, disabled and likely to be swallowed up by the waves and lost, the master and crew, her natural protectors, despairing of her life, may lawfully abandon her to her fate.  In such case, whoever interposes successfully for her salvation stands in the highest order of merit; and by every equitable consideration deserves that no other party should come between him and his reward. Salvage, therefore, by common consent, outranks all other claims upon the inadequate fund.  Similar considerations, though operating to a less degree, apply to claims for property sacrificed by jettison for the salvation of an overladen and distressed ship, prosecuted under the name of a general average, and which it is believed ought to rank next to salvage. The claims of seamen who brave the perils and hardships of navigation for their wages, are justly regarded with favorable solicitude by courts of admiralty.  Sailors are sometimes said to be the 'wards of the courts,' and their just compensation ought, it is believed, to stand no lower than third in rank as to priority of payment.  Those who lend money in a foreign port to a ship which has been disabled by storm or other cause, to enable the master to repair his vessel and proceed on his voyage, not only perform what in itself is very meritorious, but take upon themselves great risks. This is done upon what is known as bottomry bonds, which, in case of safe arrival of the ship at her port of destination, are justly considered of high privilege.

"But it is not my purpose to swell this re-

port further by a discussion of the equitable and meritorious considerations which governed in the preparation of the statement hereto appended, of those claims most commonly prosecuted in rem against ships and other vessels, marshalled in the order in which it is believed they ought to be paid from an inadequate fund; enough having already been said herein to indicate the reasons for observing that order, which are founded upon a consideration of the different degrees of merit and risk on the part of the claimant, and of the welfare and success of the shipping interests and of commerce in general.

"The undersigned, therefore, as a result of his examination of such authorities as he has been able to consult, and in the light of the foregoing observations, presents the following summary (which is not claimed to be complete) for the consideration of the court, showing the relative order to be observed in the marshaling of liens and claims upon a fund in the registry, inadequate to the discharge of all just claims upon it: First—Salvage. Second—General average. Third—Seamen's wages. Fourth—Bottomry bonds (in inverse order of date). Fifth—Supplies, repairs, materials, towage, pilotage. Sixth—Wharfage, demurrage, contract of affreightment or passage, stevedores' services. Seventh—Damage by collision. Eighth—Unpaid premiums on insurance. Ninth—Claims under Nos. 5 and 6 accruing after collision. Tenth—Brokerage services. Eleventh—Mortgage. Twelfth—Levy by execution against owner.

"Mem—Mortgage and levy by execution not maritime liens.

"I am strongly inclined to the opinion that all claims ought to be paid in inverse order of their origin. This as the general principle, inasmuch as trips are brief on the Great Lakes. To apply this principle practically, it would be necessary to divide claims by seasons, rather than by 'voyages,' as upon the ocean. A lien in admiralty is a jus in re; or gives an interest in the thing to each claimant from the date of his claim; and hence all subsequent claims are for his benefit in case of contract, or are his wrong pro tanto in case of tort.

"The undersigned would do injustice to his own convictions if he failed to say, that in recognizing claims of insurance companies for unpaid premiums as maritime liens, he only yields to authority. Insurance upon a ship is not insurance of the ship, but is an insurance of the owner against loss to him, growing out of the possible perils of navigation. In case of loss the amount of the unpaid premium is customarily deducted from the amount of ascertained loss, and the balance paid by the insurer to the insured. Thus the owner is insured without payment to the insurer for the risk incurred. In the absence of loss, the enforcement of the payment of the premium note by action in rem against the ship works no wrong to any one, if there be no conflicting interest. But in case of insolvency of the ship and insufficiency of the fund in registry, it is

difficult to understand that such a claim upon the fund has any foundation of principle to stand upon. It might well be regarded as of the same nature as a personal loan of money to the owner, in no sense operating as a hypothecation of or privilege upon the ship. Yet a respectful deference to the decisions of very learned judges. adverse to these views, has induced an incorporation of claims of this class in the list of maritime liens herewith reported, and their recognition in the table of distribution annexed to this report."

And on final hearing, said report having been examined and carefully considered, it was by THE COURT [WELKER, District Judge] ordered that the same be confirmed.